UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD BOYD,

                Petitioner,           Case Number 12-13781
                                                                Honorable Lawrence P. Zatkoff

v.

LLOYD RAPELJE,

                Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Petitioner Harold Boyd, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the Macomb Circuit Court of first-degree home invasion. MICH. COMP. LAWS § 750.111a. The petition raises six claims: (1) the prosecutor abused its charging discretion; (2) the trial court erred in empaneling the jury; (3) defense counsel was ineffective for failing to object to the introduction of opinion testimony; (4) the trial court erred in remanding the case for a second preliminary examination; (5) the state district court erred in holding a second preliminary examination; and (6) defense counsel was ineffective for failing to adequately prepare for the second preliminary examination.

On February 11, 2014, Petitioner filed a motion to hold the petition in abeyance, asking the Court to stay his habeas proceeding while he exhausts his state court remedies with respect to his fourth, fifth, and sixth habeas claims. For the reasons discussed below, the Court will grant the motion, stay the petition, establish conditions under which he must proceed, and administratively close the case.

I.

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, which raised the following claims:

> I. The prosecutor violated Appellant's due process rights by charging Appellant with first-degree home invasion after Appellant refused to waive a preliminary examination and plead guilty to second-degree home invasion; furthermore, defense trial counsel was constitutionally ineffective in failing to object.
>
> II. The trial court violated appellant's due process rights by empaneling a jury whose members were referred to only by juror numbers and by failing to give a proper cautionary instruction.
>
> III. Defense trial counsel was constitutionally ineffective in failing to object to an investigating officer and the detective in charge of the case improperly giving opinion testimony on Appellant's guilt.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *People v. Boyd*, No. 292302 (Mich. Ct. App. Dec. 9, 2010). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which raised the same claims he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was "not persuaded that the questions presented should be reviewed by" it. *People v. Boyd*, 797 N.W.2d 154 (Mich. 2011) (table).

On August 27, 2012, Petitioner filed an application for habeas relief in this Court, raising the six claims indicated above. Respondent filed an answer on March 4, 2013, asserting that Petitioner's fourth, fifth, and sixth claims are unexhausted. Respondent argued that the unexhausted claims could be dismissed on the merits, but if they were not, then the entire petition is subject to dismissal on exhaustion grounds. Petitioner's motion indicates that he desires to return to state court to exhaust these claims.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A)-(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

The exhaustion doctrine turns upon an inquiry as to whether there are state-court procedures available for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, Petitioner's method of properly exhausting his claims in the state courts is through filing a motion for relief from judgment with the Macomb Circuit Court under Michigan Court Rule 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for

leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Supreme Court has held that the filing of a federal habeas petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the

complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id*. at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner acknowledges that his fourth, fifth, and sixth claims are unexhausted, and he wishes to return to the trial court to file a motion for relief from judgment so that he may exhaust these claims in the state courts prior to presenting them to this Court. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's

statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

In this case, if the petition were dismissed without prejudice rather than stayed, Petitioner would have a difficult time complying with the statute of limitations. The Michigan Supreme Court denied Petitioner's application for leave to appeal on May 24, 2011. The one-year limitations period commenced ninety days later, on or about August 24, 2011. *See Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000). Petitioner signed and dated the pending petition on August 21, 2012, a few days before the limitations period was set to expire.

The Court, therefore, will grant the petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims. While Respondent argues that Petitioner's fourth and fifth claims are not cognizable and do not provide a basis for granting habeas relief, Petitioner sixth claim alleging ineffective assistance of counsel does not appear to be "plainly meritless," *Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a

petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays, this Court will impose time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must ask this Court to lift the stay within thirty days of exhausting his state court remedies.

III.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to hold petition in abeyance [dkt. #11] is GRANTED.

IT IS FURTHER ORDERED that Petitioner must file an amended petition in this Court within thirty days after the conclusion of the state court proceedings. <u>If Petitioner returns to federal court with an amended petition following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order</u>.

IT IS FURTHER ORDERED that, to avoid administrative difficulties, the Clerk of Court will CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

IT IS FURTHER ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

IT IS SO ORDERED.

<u>S/Lawrence P. Zatkoff</u><br>Hon. Lawrence P. Zatkoff<br>United States District Judge

Dated: March 31, 2014